UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JACKIE EVANAUSKI,

    Plaintiff,

v.                                           Case No. 1:20-cv-947

LINDA AERTS, et al.,                    HON. JANET T. NEFF

    Defendants.
_____/

## CASE MANAGEMENT ORDER

This Case Management Order is issued without the usual in-chambers conference due to the extraordinary conditions resulting from the COVID-19 pandemic of 2020.  Accordingly: **IT IS HEREBY ORDERED:**

| | | |
|---|---|---|
| Motions to Join Parties or Amend Pleadings | | JANUARY 4, 2021 |
| Rule 26(a)(1) Disclosures/Voluntary Exchange of Documents | | JANUARY 8, 2021 |
| Disclose Name, Address, Area of Expertise and provide a short summary of expected testimony of all testifying experts (Rule 26(a)(2)(A)) | Plaintiff: Defendants: | MARCH 5, 2021 APRIL 2, 2021 |
| Disclosure of Expert Witness Reports (Rule 26(a)(2)(B)) | Plaintiff: Defendants: | MAY 7, 2021 JUNE 4, 2021 |
| Completion of Discovery | | AUGUST 6, 2021 |
| Pre-motion Conference Requests | | AUGUST 6, 2021 |
| Interrogatories will be limited to: (Single Part Questions) | | 25 single part questions |
| Depositions will be limited to: (Fact Witnesses Per Side) | | 10 per side |
| Requests for Admission will be limited to: (Per Side) | | 25 per side |
| Requests for Document Production will be limited to: (Per Side) | | 25 per side |
| ADR To Take Place On Or Before: | | SEPTEMBER 7, 2021 |
| Early Settlement Conference | Date: Time: Before: | JANUARY 14, 2021 9:00 AM Hon. Phillip J. Green |

1. <u>JOINDER OF PARTIES AND AMENDMENTS OF PLEADINGS</u>:  All motions for joinder of parties and all motions to amend the pleadings must be filed by the date set forth in the table above.

2. <u>DISCLOSURES AND EXCHANGES</u>:  Deadlines for exchange of Rule 26(a)(1) disclosures, names of lay witnesses, identification of experts, voluntary exchange of documents, and disclosure of expert reports under Rule 26(a)(2), if applicable, are ordered as set forth in the table above.

3. <u>DISCOVERY</u>:  All discovery proceedings shall be completed no later than the date set forth in the table above, and shall not continue beyond this date.  Discovery shall proceed regardless of the motions pending before this court.  All interrogatories, requests for admissions, and other written discovery requests must be served no later than thirty days before the close of discovery.  All depositions must be completed before the close of discovery.  Interrogatories will be limited as set forth in the table above.  Depositions will be limited as set forth in the table above.  There shall be no deviations from this order without prior approval of the court upon good cause shown.  Time limitations for depositions set forth in Rule 30(d)(1) apply to this case.

4. <u>MOTIONS</u>:

    a. Non-dispositive

    Non-dispositive motions shall be filed in accordance with W.D. Mich. LcivR. 7.3.  They may be referred to a magistrate judge in Grand Rapids, Michigan, pursuant to 28 U.S.C. § 636(b)(1)(A).  In accordance with 28 U.S.C. § 471, *et seq.*, it is the policy of this Court to prohibit the consideration of discovery motions unless accompanied by a certification that the moving party has made a reasonable and good faith effort to reach agreement with opposing counsel on the matters set forth in the motion.  *See* W.D. Mich. LcivR 7.1(d).

    b. Dispositive

        i. Pre-Motion Conference

            (1) **A pre-motion conference with the Court is required before filing any dispositive motion**, except no pre-motion conference is required before filing a post-trial motion, a bankruptcy appeal, or a dispositive motion in a case referred to a magistrate judge.

            (2) To arrange a pre-motion conference, the movant shall file a Pre-Motion Conference Request, not to exceed three (3) pages, with a brief description of the grounds for such a motion. Each party served with a Pre-Motion Conference Request must file a Response to the Pre-Motion Conference Request within seven (7) days; the response shall not exceed three (3) pages. Opposition to requests for a pre-motion conference will not be considered.

            (3) At the pre-motion conference, the Court will determine a briefing schedule.

        ii. Statements of Material Facts on Motion for Summary Judgment

            (1) Upon any motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, there shall be annexed to the motion a separate, short and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried.  Each paragraph must be followed by citation to the evidence.  Failure to submit such a statement may constitute grounds for denial of the motion.

- (2) There shall be annexed to the response to the motion for summary judgment a correspondingly numbered paragraph responding to each numbered paragraph in the statement of the moving party, and if necessary, additional paragraphs containing a separate, short and concise statement of additional material facts as to which is it contended that there exists a genuine issue to be tried.  Each paragraph must be followed by citation to the evidence.

- (3) Each numbered paragraph in the statement of material facts set forth in the statement required to be served by the moving party will be deemed to be admitted for purposes of the motion unless specifically controverted by a correspondingly numbered paragraph in the statement required to be served by the opposing parties.

iii. Filing of Dispositive Motion Papers

- (1) **No motion papers shall be filed until the motion has been fully briefed.**

- (2) The movant must serve each party on the briefing schedule due date with a hard copy of the motion, all supporting papers, and a cover letter stating whom the movant represents and which documents are attached. A copy of the proof of service only shall be filed.

- (3) Opposing parties must serve the movant on the briefing schedule due date with two copies of their response papers (one copy is for inclusion in the later submission to Chambers pursuant to Administrative Order 07-026).  A copy of the proof of service only shall be filed.

- (4) Any further motion papers shall be served in the above manner on the due date.  A copy of the proof of service only shall be filed.

- (5) **Each party is responsible for filing its motion papers via ECF on the day the motion is fully briefed, with the moving party first filing the motion.  Once the moving party has filed the motion, response and reply documents may be electronically filed.**  Pursuant to Administrative Order 07-026, upon filing of the motion, the movant shall also provide Chambers with a full set of courtesy copies of the motion papers together with a cover letter specifying each document in the package.

iv. Dispositive motions must adhere to W.D. Mich. LcivR 7.2. If dispositive motions are based on supporting documents such as depositions or answers to interrogatories, then only those excerpts that are relevant to the motion shall be filed.

v. Oral argument may be requested pursuant to W.D. Mich.LcivR 7.2(d).  The Court may schedule oral argument or may, in its discretion, dispose of the motion without argument at the end of the briefing schedule.  To request oral argument on a motion, state "ORAL ARGUMENT REQUESTED" in the caption and the heading of the brief.

      vi. In cases where counsel wishes to project evidence on the monitors in the courtroom, projection of exhibits is accomplished by using the electronic evidence presentation equipment in the courtroom.  The evidence presentation allows for the projection of the evidence on various monitors located at the bench, the witness stand, the lectern, the jury box, and the counsel tables.  This technology eliminates the cumbersome process of handling paper evidence.  Counsel planning to use the equipment are encouraged to contact the Court's IT department well in advance of their court proceeding to inquire about training and practice sessions.  Practice sessions and testing of the equipment must occur prior to the day of a scheduled court appearance.  You may contact the Court's IT department by sending an email to courttech@miwd.uscourts.gov or by calling (616) 456-2523.  Information concerning the features of the system are available at the court's website: www.miwd.uscourts.gov (click on *Courtroom Technology* link).  *Counsel is also advised to notify chambers – in advance of the motion hearing – of its intentions to use technology resources in the courtroom.*

5. ALTERNATIVE DISPUTE RESOLUTION:  In the interest of facilitating prompt resolution of this case, and the parties having voluntarily selected facilitative mediation, this matter shall be submitted to facilitative mediation.  The parties have fourteen (14) days from the date of this Order to jointly choose one mediator.  Plaintiff is responsible for e-filing notification of the name of the selected mediator.  If the parties are unable to jointly select a mediator, they must notify the ADR Administrator,[1] who will select a mediator for them.  Once the mediator is selected, a Notice will issue regarding the method and schedule for the mediation conference.

6. SETTLEMENT CONFERENCE: In the interest of facilitating prompt resolution of this case, this matter is submitted to an early settlement conference with a Magistrate Judge.  The date of the conference is set forth in the table above.  The parties shall review and comply with settlement conference instructions set forth below. The parties are under an ongoing obligation to engage in good faith settlement negotiations.

    a. Persons Required to Attend.  Unless excused by a showing of good cause, the attorney who is to conduct the trial shall attend the settlement conference, accompanied by a representative of the party with full settlement authority.  Both shall attend in person.  The person with settlement authority must come cloaked with the authority to accept, without further contact with another person, the settlement demand of the opposing party.  An insured party shall also appear by a representative of the insurer who is authorized to negotiate and to settle the matter (within policy limits) up to the amount of the opposing parties' existing settlement demand.  W.D.Mich. LcivR 16.8.

    b. Settlement Letter to Opposing Party.  A settlement conference is more likely to be productive if, before the conference, the parties have had a written exchange of their settlement proposals.  Accordingly, at least fourteen (14) days prior to the settlement conference, plaintiff's counsel shall submit a written itemization of damages and settlement demand to defendant's counsel with a brief explanation of why such a settlement is appropriate.  No later than seven (7) days prior to the settlement

---

[1] ADR Administrator, U.S. District Court, 399 Federal Building, 110 Michigan St., NW, Grand Rapids, MI 49503; 616/456-2381; adr@miwd.uscourts.gov.

      conference, defendant's counsel shall submit a written offer to plaintiff's counsel with a brief explanation of why such a settlement is appropriate. This may lead directly to a settlement. If settlement is not achieved, plaintiff's counsel shall deliver, fax or e-mail copies of these letters to the chambers of the magistrate judge conducting the conference no later than three (3) business days before the conference. Do not file copies of these letters in the Clerk's Office.

c. <u>Confidential Settlement Letter to Court</u>. In addition, three (3) business days before the conference, each party or their attorney shall submit to the magistrate judge conducting the conference a confidential letter concerning settlement. A copy of this letter need not be provided to any other party. Do not file a copy of this letter in the Clerk's Office. All information in the settlement letter shall remain confidential and will not be disclosed to any other party without the approval of the writer. The confidential settlement letter shall set forth: (a) the name and title of the party representative who will be present at the settlement conference, with counsel's certification that the representative will have full authority to settle, without the need to consult with any other party; (b) a very brief explanation of the nature of the case, including an identification of any parties added or dismissed since the time of filing; (c) a history of settlement negotiations to date, including all offers, demands and responses (the letter should not, however, divulge any offer made in the context of a voluntary facilitative mediation); (d) the policy limits of any relevant insurance coverage; (e) the limits on settlement authority given to counsel by the client; (f) that party's suggestions concerning the most productive approach to settlement; (g) any other matter that counsel believes will improve the chances for settlement. Plaintiff shall also provide an estimated range of damages recoverable at trial and a brief analysis of the method(s) used for arriving at the estimate(s).

Dated: November 23, 2020                /s/ Janet T. Neff
                                                  JANET T. NEFF
                                                  UNITED STATES DISTRICT JUDGE